# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KATHY DOLLENS, | ) |
|                     Plaintiff, | ) |
| vs. | ) No. 12-04271-CV-W-FJG |
| RSC EQUIPMENT RENTAL, INC., KATHLEEN SHERMAN, and CAROL J. MORRIS | ) |
|                     Defendants. | ) |

## ORDER

Currently pending before the Court is plaintiff's Motion to Remand (Doc. # 13) and defendant Morris' Motion to Dismiss (Doc. # 25).

### I. BACKGROUND

Plaintiff who is a Missouri resident, originally filed this cause of action in the Circuit Court of Boone County, Missouri on August 27, 2012. Defendant RSC Equipment Rental, Inc., ("RSC"), is an Arizona corporation, with its principal place of business in Arizona[1]. Kathleen E. Sherman and Carol J. Morris, were also named as defendants. Sherman is a resident of Pennsylvania and Morris is a resident of Missouri.

Plaintiff argues that the Court does not have subject matter jurisdiction because there is no diversity of citizenship between herself and defendants Morris and Sherman,

---

[1] In its Answer to plaintiff's Complaint, defendant RSC states that it is now known as United Rentals (North America) Inc. United Rentals is a Delaware corporation with its principal place of business in Connecticut.

and thus remain is necessary[2]. Defendants argue that the citizenship of plaintiff's co-employees, Morris and Sherman, should be disregarded because they were fraudulently joined in this action to defeat diversity jurisdiction.

## II. STANDARD

In Filla v. Norfolk Southern Railway Company, 336 F.3d 806 (8th Cir. 2003), the Court articulated the standard for determining whether a party has been fraudulently joined:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. [I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained. . . .However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder. . . . As we recently stated in Wiles [v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002)], joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. . . . Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

Id. at 810 (internal citations and quotations omitted).

In Barnes v. Dolgencorp, Inc., No. 06-0632-CV-W-ODS, 2006 WL 2664443, (W.D.Mo. Sept. 14, 2006), the Court stated:

> In conducting this inquiry, the Court must resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor, but the Court has no responsibility to *definitively* settle the ambiguous question of state law. . . . Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law *might* impose liability against the defendant. . . . Where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but

---

[2] Plaintiff initially alleged that both Morris and Sherman were residents of Missouri. However, in an Affidavit attached to defendant RSC's Supplemental Suggestions in Opposition, Sherman states that she is a Pennsylvania resident.

> simply to remand the case and leave the question for the state courts to decide. . . . Finally, the party seeking removal and opposing remand has the burden of demonstrating that federal jurisdiction exists.

Id. at *1 (internal citations and quotations omitted).

## III. DISCUSSION

Defendants argue that the Motion to Remand should be denied because under Missouri law, co-employees cannot be held liable for their employer's breach of non-delegable duties. Plaintiff alleges in her Petition that Kathleen Sherman was a Kraft employee and acted as the Central Area Buyer of equipment used at the plant. (Petition ¶ 3). Plaintiff also alleges that Carol Morris was a Kraft employee and acted as the Account Manager of Equipment (Petition ¶ 4). Plaintiff asserts that Kraft rented from defendant RSC, a Sky Jack Scissor Lift. On November 25, 2008, plaintiff was using the Scissor Lift to clean elevated fans. When plaintiff attempted to walk down the step ladder, she missed and/or slipped off a broken and/or defective step on the Scissor Lift, which caused her to fall and sustain serious and permanent injuries. (Petition ¶ 7). Plaintiff states that defendants Morris and Sherman were co-employees and "had active involvement, management and control over the lease, purchase, inspection, and provision of the Scissor Lift at the Plant and owed personal duties of care to their fellow employees, including Plaintiff, to ensure they leased, purchased, inspected and/or provided only safe and functioning equipment to the employees at the Plant." (Petition ¶ 8). Plaintiff also alleges that she was "placed in an increased position of danger by the affirmative acts of Defendants Sherman and Morris, above which she would normally experience in cleaning fans during the normal course and scope of her employment with Kraft, when Plaintiff was allowed to work on the Scissor Lift that was supplied and/or provided by Defendants Sherman and Morris, which they knew, or could have known,

3

was broken and/or defective and as a result Defendants Sherman and Morris breached personal duties of care they owed Plaintiff." (Petition, ¶ 9). In Count III of her Petition, plaintiff alleged that Sherman and Morris were Negligent in one or more of the following respects: "in leasing and/or purchasing the defective and/or broken Scissor Lift for use by Plaintiff . . . in providing the defective and/or broken Scissor Lift to Plaintiff to complete her work; or . . . in failing to inspect the defective and/or broken Scissor Lift." (Petition ¶ 29).

Defendant RSC argues that providing safe equipment and a safe workplace are non-delegable duties which an employer owes to his employees. Defendant states that under Missouri law, a co-employee has no "personal duty" to a fellow employee to perform the non-delegable duties of providing a safe workplace or equipment. Defendant argues that a "personal duty" will arise only if the co-employee engages in an affirmative act which is directed at the worker and increases the risk of injury. Defendant admits that an employee can sue a fellow employee for affirmative negligent acts outside the scope of an employer's responsibility, noting that courts have named this the "something more" exception. Defendant states that Missouri courts have recognized this exception when "the supervisor or co-worker was present with the plaintiff and was performing an act or operating a piece of equipment that resulted in the injury, or employees were directed to engage in dangerous conditions that a reasonable person would recognize as hazardous beyond the usual requirements of employment." Sexton v. Jenkins & Assoc., Inc., 41 S.W.3d 1,5 (Mo.App.2000). Defendant argues that plaintiff has not alleged that her co-employees, Sherman and Morris, acted in any particular affirmative manner toward her, she has not claimed that they were even present at the time of the accident or that they directed her to walk down the stepladder.

4

Without these allegations, defendant states that plaintiff cannot establish that Sherman and Morris owed any "personal duties" of care toward her and "[b]ecause plaintiff has failed to establish such duties were owed, the co-employees cannot be held liable; plaintiff's claim against them 'will not survive a motion to dismiss for failure to state a cause of action for negligence.'" (Defendant's Suggestions in Opposition, p. 5, (citing Hansen v. Ritter, 375 S.W.3d 201, 217 (Mo.App.2012)).

On February 7, 2013, the Court requested that defendant RSC file a supplemental brief which would provide a more complete description of the duties of Sherman and Morris, their involvement in procuring the Sky Jack Scissor Lift, their knowledge of the lift, including whether any inspections had been conducted or if there had been any problems noted with the lift. Sherman and Morris were also requested to describe their work relationship with the plaintiff and their knowledge of the accident. On February 19, 2013, defendant RSC submitted its Supplemental Suggestions in Opposition to the Motion to Remand as well as the Affidavits of Morris and Sherman. In her affidavit, Carol Morris states that she was the plant quality manager for Kraft and that her job duties focused on ensuring that the quality of the product produced by the plant, (hot dogs), complied with Kraft's policies, specifications and quality image. (Morris Affid. ¶ 6). Morris states that she did not have any direct supervisory duties over plaintiff, she had no involvement in procuring the lift, was not personally familiar with the lift, never operated it, and had no training in operating it. (Morris Affid. ¶¶ 7 -8). Additionally, Morris states that she does not know if any inspections were conducted on the lift, or if any problems were noted with the lift before the accident. Morris also stated that she did not supervise plaintiff on the date of the accident, did not supervise her in the operation of the lift and did not give her any instruction on how to use the lift. (Morris

5

Affid. ¶¶ 9-10). Similarly, Kathleen Sherman also had no involvement in plaintiff's accident. Sherman has never been an employee of Kraft and has never even worked in the State of Missouri. (Sherman Affid. ¶ 2). At the time of the accident, Sherman was employed by a company hired by Kraft to process purchases and requisitions on an outsourced basis. Sherman never made any decision on behalf of Kraft to rent or purchase certain equipment (Sherman Affid. ¶¶ 5-6). Sherman stated that she was not involved in any decisions to rent the scissor lift, she did not decide what make or model to rent, nor did she decide who the supplier would be. (Sherman Affd. ¶ 7). Rather, her duties with respect to the purchases were to ensure that Kraft's policies and procedures pertaining to the purchases were being followed. Sherman does not know the plaintiff and has never spoken to her or met her. (Sherman Affid. ¶ 8). Sherman did not have any supervisory authority over any Kraft employee nor does she have any knowledge of the condition of the lift on the date it was rented or any changes or alternations that might have been made to the lift. (Sherman Affid. ¶¶ 11,13) Additionally, she did not instruct or supervise the plaintiff in the operation of the lift (Sherman Affid. ¶ 15).

As discussed above, joinder is not fraudulent where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Filla, 336 F.3d at 811. In Hansen, 375 S.W.3d at 217, the Court stated:

> under common law, a co-employee's personal duties to fellow employees do not include a legal duty to perform the employer's non-delegable duties. Unless a petition asserts a personal duty owed by a co-employee that exists independent of the employer's non-delegable duties, and thus a duty that would exist independent of the master-servant relationship, the petition will not survive a motion to dismiss for failure to state a cause of action for negligence.

The Court in Hansen continued:

> [a]s first clearly stated in Kelso [v. W.A.Ross Constr. Co., 337 Mo.202, 85

6

> S.W.2d 527,534 (1935)], nearly eighty years ago, co-employees do not
> owe fellow employees the legal duty to perform the employer's non-
> delegable duties. Since then, no Missouri case has ever imposed liability
> on a co-employee for negligent performance of an employer's non-delegable duties.

Id. at 218. Courts have found a "personal duty" exists when "the co-employee engages in an affirmative act, outside the scope of employer's non-delegable duties, directed at a worker, increasing the risk of injury." See Gunnett v. Girardier Bldg. & Realty Co., 70 S.W.3d 632, 641 (Mo.App.2002). In Kocher v. Conagra Foods, Inc., No. 10-3122-CV-S-REL, 2011 WL 98832 *3 (W.D.Mo. Jan. 12, 2011), the Court found that Missouri courts might impose liability on the defendants where the plaintiff alleged that the defendants had instructed him to use a truck that they knew was in an unsafe condition, had been improperly repaired several times and was not equipped with a working seat belt. Also in Burns v. Smith, 214 S.W.3d 335 (Mo.banc 2007), the Court stated, "the notion of an affirmatively negligent act - the 'something more'- can best be described as an affirmative act that creates additional danger beyond that normally faced in the job-specific work environment." Id. at 338. In that case, the co-employee welded over a rusted portion of a water tank and instructed the plaintiff to "run it till it blows." Id. at 339. The Court found that this affirmative act satisfied the "something more test." Id.

In the instant case, plaintiff has not alleged any personal duties which were owed by Morris or Sherman to her. Nor has plaintiff alleged that Morris or Sherman engaged in any affirmative acts which created an additional danger or made her job more dangerous than it was otherwise. From their affidavits, neither Morris nor Sherman had anything to do with procuring the scissor lift, they did not inspect the lift before its use, did not know of any dangerous conditions related to the lift and did not instruct the plaintiff in its use. Therefore, based on these facts, the Court finds that Missouri courts

would not impose liability upon either Morris or Sherman and thus the Court finds that these two defendants were fraudulently joined and their citizenship should be disregarded.  As complete diversity of citizenship exists between plaintiff and defendant RSC, the Court hereby **DENIES** Plaintiff's Motion to Remand (Doc. # 13).

Defendant Morris has also filed a Motion to Dismiss the claims against her for the same reasons as advanced in the Suggestions in Opposition to the Motion to Remand. The Court recognizes that the standard outlined in Filla is a different and less demanding standard than the standard for ruling a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6).  See Clayton v. Batesville Casket Co. Inc., No. 4:11CV0014JMM, 2011 WL 3047483, *1 (E.D.Ark. July 25, 2011). However, as the Court finds that the plaintiff cannot even met the Filla standard, the Court finds that plaintiff has failed to state a claim for relief against either defendant Sherman or Morris.  Accordingly, the Court hereby **GRANTS** defendant Morris' Motion to Dismiss (Doc. # 25) and **DISMISSES** defendants Morris and Sherman.

Date: <u>March 6, 2013</u>　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri　　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge